**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TRUSTEES OF THE NECA-IBEW PENSION
BENEFIT TRUST FUND; TRUSTEES OF THE
ALTON IBEW-NECA HEALTH AND WEL-
FARE PLAN; TRUSTEES OF THE JOINT
APPRENTICESHIP AND TRAINING COM-
MITTEE; TRUSTEES OF THE NATIONAL
ELECTRICAL BENEFIT FUND; LOCAL 649
SUPPLEMENTAL UNEMPLOYMENT
BENEFIT WELFARE FUND; NECA-IBEW
NATIONAL LABOR MANAGEMENT
COOPERATION COMMITTEE; ADMINI-
STRATIVE MAINTENANCE FUND; AND
INTERNATIONAL BROTHERHOOD,**

**Case No. 07-CV-0600-MJR**

        **Plaintiffs,**

**vs.**

**TRUDI SPRINGMAN d/b/a
A. C. SPRINGMAN ELECTRIC and A. C.
SPRINGMAN ELECTRIC, INC.; AARON
SPRINGMAN d/b/a A. C. SPRINGMAN
ELECTRIC and A. C. SPRINGMAN
ELECTRIC, INC.; and A. C. SPRINGMAN
ELECTRIC, INC.,**

        **Defendants.**

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I.    Factual and Procedural Background[1]

      Between March 1, 2005 and June 1, 2006, Trudi Springman signed letters of assent

on behalf of Springman Electric, A. C. Springman Electric and Springman Electric, Inc., to the

---

[1]Factual allegations herein are derived from Plaintiffs' First Amended Complaint
(Doc. 11).

collective bargaining agreements ("CBA") then in effect between Local 649 and the Alton Wood River Division, Illinois Chapter of the National Electrical Contractors Association ("NECA"). On October 2, 2006, Springman Electric, Inc., was involuntarily dissolved by the Illinois Secretary of State for failure to file an annual report, but Trudi and Aaron Springman continued to engage in the electrical construction business, as A. C. Springman Electric, Inc., in a manner not necessary to winding up and liquidating the business after the involuntary dissolution of the company.

Defendants are employers within the meaning of Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and within the meaning of Section (3)(5) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(5). Defendants are required to file reports and pay monthly obligations to the Employee Benefit Plans covered by this complaint, at the rates set forth in the CBA, for the benefit of bargaining unit employees. For the period from March, 2005 forward, Defendants have failed to file reports with the Employee Benefit Plans and failed to pay contributions due to the Plans for hours worked by its bargaining unit employees as required by the CBAs. Defendants' failure to file reports and pay contributions is a continuing violation of the CBAs and ERISA. Plaintiffs are entitled to an audit of Defendants' books to ascertain the exact amount of contributions due under the CBAs.

Plaintiffs seek an accounting and audit, at Defendants' expense, payment of the unpaid, unreported contributions owed by Defendants to the Funds, payment of liquidated damages and interest owed on the unpaid and delinquent contributions, payment of the unpaid, unreported working dues owed by Defendants to Local 649, and reasonable attorneys' fees and costs incurred in prosecuting this action.

Defendants move to dismiss Counts VI, VII and VIII of the amended complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) (Counts VI, VII and VIII) and 12(b)(1)

(Count VIII), as barred by the statute of limitations. In Counts VI and VII, the Trustees of the NECA-IBEW National Labor Management Cooperation Committee ("NLMCC") and the Administrative Maintenance Fund ("AMF"), respectively, contend that Defendants are liable to them for their breach under § 301. The NLMCC and the AMF seek an accounting and audit of Defendants' books to determine the exact amounts owed to them under the CBA, payment of unpaid, unreported contributions, payment of liquidated damages and interest, and attorneys' fees and costs. Neither the NLMCC nor the AMF is covered by ERISA. In Count VIII, the International Brotherhood of Electrical Workers, Local 649 ("Local 649"), claims that Defendants have failed to report and pay working dues, which is a continuing violation of the CBAs. Local 649 seeks an audit and payment of unpaid, unreported working dues owed by Defendants to Local 649 from March, 2005 forward.

Defendants contend that the statute of limitations for a claim brought pursuant to § 301 of the LMRA, 29 U.S.C. § 185, is six months and that the Counts at issue were brought approximately two-and-one-half years after the alleged conduct began. The actions alleged in the amended complaint do not constitute a "continuing violation," and the CBAs at issue do not countenance continuing violations. Lastly, the alleged breaches of the CBAs were subject to a grievance procedure, which required that the grievance be referred to the Labor-Management Committee if it was not resolved.

Plaintiffs respond that Counts VI, VII and VIII of the amended complaint are timely because § 301 does not contain an express statute of limitations applicable to delinquent contribution collection actions. Instead, the general rule is that the Court must apply the most analogous state limitations period to determine the timeliness of a § 301 suit. The most analogous Illinois statute of limitations is the ten-year limitations period for actions on a written contract.

Plaintiffs have no duty to exhaust the grievance and arbitration procedures contained in the CBAs because trustees pursuing collection of delinquent contributions, as third-party beneficiaries to the CBA, have no right to use the contractual grievance and arbitration mechanisms unless the agreement expressly grants that right. The CBAs at issue do not expressly grant the Trustees that right.

Defendants reply that Plaintiffs attempt to recast the allegations in the amended complaint. Counts VI, VII and VIII are actions to compel an audit and not merely actions for delinquent contributions and, as such, are subject to the six-month limitations period.

## II.    Applicable legal standards

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** governs motions to dismiss for failure to state a claim upon which relief can be granted. In *Bell Atlantic v. Twombly*, the United States Supreme Court "retooled federal pleading standards," and retired the oft-incanted standard from *Conley v. Gibson*, **355 U.S. 41, 47 (1957)**, that a complaint should not be dismissed for failure to state a claim unless it appeared "beyond doubt" that the plaintiff could prove "no set of facts in support of his claim" which would entitle him to relief. *Killingsworth v. HSBC Bank Nevada, N.A.*, **507 F.3d 614, 618 (7th Cir. 2007).**

In assessing whether a complaint states a claim upon which relief can be granted (thereby escaping Rule 12(b)(6) dismissal), the district court accepts all well-pleaded allegations as true and draws all favorable inferences in plaintiff's favor. *Id. See also Erickson v. Pardus*, **– U.S. –, 127 S.Ct. 2197, 2200 (2007).**

*Bell Atlantic* called into question dicta contained in (and abrogated the holdings of) cases such as *Kolupa v. Roselle Park District*, **438 F.3d 713, 715 (7th Cir. 2006),** which had declared Rule 12(b)(6) dismissal proper only "when it would be necessary to contradict the

complaint in order to prevail on the merits."[2]  No longer does it suffice for a complaint to avoid foreclosing possible bases for relief; the complaint must indicate that the plaintiff *has* a right to relief.  ***EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007).**

Specific facts are not necessary for a complaint to survive a motion to dismiss for failure to state a claim.  ***Jervis v. Mitcheff*, – F.3d –, 2007 WL 4355433 (Dec. 13, 2007).**  But labels and conclusions alone will not suffice.   Rather, the complaint must contain enough facts to state a claim that is plausible on its face, and the complaint must give the defendants "fair notice" of the grounds on which plaintiff's claim rests.  ***Killingsworth,* 507 F.3d at 618.**

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)** governs motions to dismiss for lack of subject matter jurisdiction.   Unlike the motion to dismiss pursuant to 12(b)(6), under 12(b)(1), the Court is not bound to accept plaintiffs' allegations as true.  ***Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (citing *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir.1998)**.   It is the Court's obligation to police its jurisdiction, to conduct a careful inquiry and to make a conclusive determination whether it has subject matter jurisdiction or not.  ***Id*.

III.   <u>Analysis</u>

Neither ERISA nor the LMRA provides for a statute of limitations applicable to actions by fund trustees to recover delinquent contributions.  ***Central States, Southeast and***

---

[2]    In ***Kolupa*, 438 F.3d at 714,** the Seventh Circuit reversed a Rule 12(b)(6) dismissal, stating:  "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate.  A full narrative is unnecessary. . . .  Details come later, usually after discovery. . . ."

***Southwest Areas Pension Fund v. Jordan,* 873 F.2d 149, 152 (7th Cir. 1989) (citation omitted)**.

 The courts "have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law." ***DelCostello v. Teamsters*, 462 U.S. 151, 158 (1983);** ***UAW v. Hoosier Cardinal Corp*., 383 U.S. 696, 703-05 (1966)**. Therefore, federal courts fill in the gap left by the Congress and "identify, in light of the purpose of the particular statute, the most analogous statute of limitations." ***International Union of Elevator Constructors v. Home Elevator Co., Inc.,* 798 F.2d 222, 225 (7th Cir. 1986)**.

In ***Hoosier Cardinal***, the Supreme Court provided guidance on the appropriate statute of limitations to apply in a straightforward § 301 action. The Court characterized the action as "essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement. Such an action closely resembles an action for breach of contract cognizable at common law." ***Id.* at 705 n. 7**. The Court held that the timeliness of such a suit is to be determined by reference to the appropriate state statute of limitations and applied the Indiana six-year statute of limitations governing actions not based on a written contract. ***Id*. at 707**.

Defendants' reliance on the statute of limitations applied in ***DelCostello*** is misplaced because ***DelCostello*** was a "hybrid" § 301 suit, in which an employee brought suit against an employer and a union. There, the Court found that the six-months' limitations period found in section 10(b) of the NLRA "was an appropriate limitation for this 'hybrid' section 301 suit which challenged not only the contractual obligations of the company but also questioned the validity of the grievance procedures and the union's relationship with the company." ***DelCostello* at 165**. Moreover, the Seventh Circuit has expressly applied the six-months' limitation period used in ***DelCostello*** only to hybrid § 301 suits and breach of the duty of fair representation

actions. ***Brown v. Local 701 of Intern. Broth. of Elec. Workers,*** **996 F.Supp. 781, 787 (N.D.Ill. 1998) (citing** ***Daniels v. Pipefitters' Ass'n Local Union No. 597***, **945 F.2d 906, 922 (7th Cir. 1991)**.

Unlike ***DelCostello*** (and like ***Hoosier Cardinal***), the present action is, essentially, for damages caused by an alleged breach of an employer's obligation embodied in a CBA. In conformity with the ***Hoosier Cardinal*** decision, the Court will apply to the present action the most closely analogous state law statute of limitations, which is the Illinois ten-year limitations period for written contracts. ***See Trustees of Operative Plasterers' and Cement Masons' Local Union Officers and Employees Pension Fund v. Journeymen Plasterers' Protective and Benev. Soc., Local Union No. 5***, **794 F.2d 1217, 1221 (7th Cir. 1986) (applying Illinois ten-year statute of limitations to action to compel contributions to a pension fund)**.[3]

Defendants' argument that the present action is an action to compel an audit is meritless. Although Counts VI, VII and VIII seek an audit, the purpose of the audit is to determine the amount of the delinquent contributions owed to the NLMCC and the AMF and the amount of unpaid, unreported working dues owed to Local 649. The gravamen of Plaintiffs' complaint could not be clearer: it is that Plaintiffs are seeking to collect delinquent contributions and dues. That the amount of the amount of these delinquencies can be determined only through an audit does not change the nature of the action.

---

[3]The Court notes that, even if some elements were lacking for the agreement to be considered a written contract rather than an oral contract, the outcome would not differ. Illinois courts apply a five-year statute of limitations for oral contracts. ***Jordan***, **873 F.2d at 152**. Since the alleged ongoing breach began in March, 2005, the action would be equally timely if the agreement were an oral contract.

Defendants' final argument, that the alleged breaches of the CBAs were subject to a grievance procedure, also fails. Plaintiffs had neither the duty nor the right to exhaust grievance and arbitration procedures before filing this lawsuit. ***Schneider Moving & Storage Co. v. Robbins,*** **466 U.S. 364, 372 (1984) (concluding that "the presumption of arbitrability is not a proper rule of construction in determining whether arbitration agreements between the union and the employer apply to disputes between trustees and employers, even if those disputes raise questions of interpretation under the collective-bargaining agreements");** ***see also Laborers' Pension Fund v. Blackmore Sewer Const., Inc*.,** **298 F.3d 600, 609 (7th Cir. 2002) (finding that defendant's demand for arbitration failed where the dispute was between an employer and the Funds, which were third party beneficiaries of the contract, rather than between the employer and the union)**. Defendants provide no authority and no factual basis for their claim that the Funds must pursue a grievance pursuant to the terms of the CBAs.

## IV.    Conclusion

The Court finds that Plaintiffs have stated a claim upon which relief may be granted and that this Court is not divested of subject matter jurisdiction by Defendants' claims that this action is barred by the applicable statute of limitations or by a failure to exhaust grievances. Accordingly, the Court **DENIES** Defendants' motion to dismiss Counts VI, VII and VIII of the amended complaint (Doc. 17).

**IT IS SO ORDERED.**

**DATED this 8th day of February, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**