IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRUSTEES OF THE NECA-IBEW PENSION
BENEFIT TRUST FUND; TRUSTEES OF THE
ALTON IBEW-NECA HEALTH AND WEL-
FARE PLAN; TRUSTEES OF THE JOINT
APPRENTICESHIP AND TRAINING COM-
MITTEE; TRUSTEES OF THE NATIONAL
ELECTRICAL BENEFIT FUND; LOCAL 649
SUPPLEMENTAL UNEMPLOYMENT
BENEFIT WELFARE FUND; NECA-IBEW
NATIONAL LABOR MANAGEMENT
COOPERATION COMMITTEE;  ADMINI-
STRATIVE MAINTENANCE FUND; AND
INTERNATIONAL BROTHERHOOD,

                Case No. 07-cv-0600-MJR

       Plaintiffs,

vs.

TRUDI SPRINGMAN d/b/a
A. C. SPRINGMAN ELECTRIC and A. C.
SPRINGMAN ELECTRIC, INC.; AARON
SPRINGMAN d/b/a A. C. SPRINGMAN
ELECTRIC and A. C. SPRINGMAN
ELECTRIC, INC.; and A. C. SPRINGMAN
ELECTRIC, INC.,

       Defendants.

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A.  Introduction and Procedural Background

Plaintiffs, the trustees of various employee benefit funds ("the Funds"), brought suit

against Defendants, Trudi Springman, Aaron Springman and A. C. Springman Electric, Inc., under

Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. §§ 1132, 1145 and under Section 301of the Labor Management Relations

Act, 29 U.S.C. § 301. The Funds seek to recover fringe benefit contributions and working dues

allegedly owed them by Defendants. On July 7, 2008, the Funds amended their complaint to add

Leo M. Springman and Springman and Son Electrical Contractors, Inc., raising similar claims as to

these additional Defendants.

Before the Court is Defendants' motion for summary judgment on all claims against

Defendant Trudi Springman (Doc. 67). The Court now analyzes the pending motion, starting with

the standards which govern disposition of the issues raised therein.

## B. **Applicable Legal Standards**

Summary judgment is proper if the pleadings, depositions, interrogatory answers,

admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled

to judgment as a matter of law. **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322-**

**23 (1986).** In determining whether a genuine issue of material fact exists, the Court views the record

in the light most favorable to – and draws all reasonable inferences in favor of – the non-moving

party.

Because the primary purpose of summary judgment is to isolate and dispose of

factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with

affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.

*Oest v. Illinois Department of Corrections*, **240 F.3d 605, 610 (7th Cir. 2001**). The nonmovant

must do more than demonstrate some factual disagreement between the parties. *Logan v.*

*Commercial Union Ins. Co.*, **96 F.3d 971, 978 (7th Cir. 1996**). The issue in dispute must be

material. Irrelevant or unnecessary facts do not preclude summary judgment even when they are

in dispute.  *Outlaw v. Newkirk*, **259 F.3d 833, 837 (7th Cir. 2001)**.

Stated another way, only disputes that could affect the outcome of the suit under governing law properly preclude the entry of summary judgment.  *Outlaw* **at 837 (citing *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).** *See also Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 249 (1986) (A factual dispute is "genuine" only when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in his favor.)**.

### C.  Analysis

Defendants submit that summary judgment is proper on all claims against Defendant Trudi Springman because she was not an owner, officer, director or employee of A. C. Springman Electric ("Springman Electric"), A. C. Springman Electric, Inc., or Springman & Sons Electrical Contractors, Inc.  Defendants submit that Trudi Springman contributed no money to any of these business and received no wages, salary or profits from them.  According to Defendants, under 29 U.S.C. § 1145 and under the terms of the collective bargaining agreements ("CBA") at issue, Trudi Springman is not an "employer" and is not liable to the Funds for any amounts under any of the claims asserted.

The Funds submit that Trudi Springman is an employer within the meaning of ERISA and the CBAs, and, as such, she was required to file reports and pay monthly obligations to the benefit plans covered by this complaint at the rates set forth in the CBAs for the benefit of bargaining unit employees.

It is undisputed that on four occasions, between March 2005 and June 2006, Trudi Springman signed letters of assent on behalf of Springman Electric (3/1/05, 4/1/05) and Springman

Electric, Inc. (6/1/06).[1]  Doc. 47, Exhibits B, F, I, J.  Each letter of assent provided as follows:

> In signing this letter of assent, the undersigned firm does hereby authorize Alton-Wood River Division, IL Chapter NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved Residential [or "inside"] labor agreement between the Alton Wood River IL Chapter NECA and Local Union 649, IBEW.  In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements.  Doc. 47, Exhibits B, F, I, J.

The forms indicate that Trudi Springman "signed for the employer" and as "owner."  According to Aaron Springman, Trudi Springman signed the letters of assent at the union hall's request because he could not sign them and legally work out of the union hall.  Doc. 68, Exhibit 3,  Springman Dep., 222:1-7.  He contends that she had no other role in any of the businesses.  *See id.,*  222:22-223:1; 223:22-224:1; 225:6-8.  The question then is whether Trudi Springman is an "employer" and liable for any amounts claimed by Plaintiffs in this matter.

Under ERISA, an employer is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan[.]"  **29 U.S.C. § 1002(2)(B)(5)**.  29 U.S.C. § 1145 provides as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.  **29 U.S.C. § 1145**.

In *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc*., **870 F.2d 1148 (7th Cir. 1989)**, the Seventh Circuit concluded that this provision means "that a plan may enforce the writings according to their terms, if 'not inconsistent with law.'"

---

[1]Trudi Springman signed two letters of assent on June 1, 2006, one to the 2002-2006 residential CBA and one to the 2002-2006 inside CBA.  Amended Complaint ¶¶ 11, 12; Doc. 47, Exhibits I, J.

**870 F.2d at 1149**. The Court reasoned that a "pension or welfare fund is like a holder in due course

in commercial law, ... or like the receiver of a failed bank, ... - entitled to enforce the writing without

regard to understandings or defenses applicable to the original parties." *Id*. **(internal citations**

**omitted)**. The Court then explained,

> Plans rely on documents to determine the income they can expect to receive, which
> governs their determination of levels of benefits. Multi-employer plans are defined-
> contribution in, defined-benefit out. Once they promise a level of benefits to
> employees, they must pay even if the contributions they expected to receive do not
> materialize - perhaps because employers go broke, perhaps because they are
> deadbeats, perhaps because they have a defense to the formation of the contract. *Id.*
> **at 1151**.

Drawing all reasonable inferences in favor of the non-moving party, the Court finds

that, under the ERISA "holder in due course" rule, Defendants have failed to establish that the Funds

are not entitled to hold Trudi Springman to her written agreement that she was the owner of

Springman Electric and A. C. Springman Electric, Inc., and liable for contributions to the Funds.

Additionally, as the Funds correctly point out, under general business and contracts

law, there is a genuine issue of material fact regarding whether Trudi Springman bound herself as

the owner of the non-corporate Springman Electric with all the attendant obligations. ERISA treats

each owner of an unincorporated business as an employer. "An individual who owns the entire

interest in an unincorporated trade or business is treated as his own employer...." **29 U.S.C. §**

**1301(b)(1)**. "Generally speaking, sharing in the profits, losses, and liabilities of an enterprise is an

indicum of ownership, and an owner can qualify as an employer." *Smith v. Castaways Family*

*Diner*, **453 F.3d 971, 985 (7th Cir. 2006) (citing *Clackamas Gastroenterology Assocs. v. Wells***,

**538 U.S. 440, 449-50 (7th Cir. 2005))**. Defendants have failed to establish that Trudi Springman

is not the owner - and did not hold herself out as the owner - of Springman Electric and that, by

these means, she did not subject herself to all of the liabilities of the enterprise.

As a final matter, Defendants contend that Trudi Springman cannot be liable for the obligations of the corporation to contribute to the Funds absent a claim and proof sufficient to pierce the corporate veil. This contention, too, is not susceptible to summary judgment. A triable issue remains regarding whether Trudi Springman was involved in the alleged continued operation of the business post-dissolution and whether she is, as a result, liable for Springman Electric, Inc.'s, contributions under the "successorship" doctrine. *See, e.g., Moriarty v. Consolidated Funeral Services, Inc.*, **1998 WL 748323, 4 (N.D.Ill. 1998)**.

## D.  Conclusion

For all of these reasons, the Court **DENIES** Defendants' motion for summary judgment on all claims against Defendant Trudi Springman (Doc. 67).

**IT IS SO ORDERED.**

**DATED this 5th day of March, 2009**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**