IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRUSTEES OF THE NECA-IBEW PENSION BENEFIT TRUST FUND; TRUSTEES OF THE ALTON IBEW-NECA HEALTH AND WELFARE PLAN; TRUSTEES OF THE JOINT APPRENTICESHIP AND TRAINING COMMITTEE; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; LOCAL 649 SUPPLEMENTAL UNEMPLOYMENT BENEFIT WELFARE FUND; NECA-IBEW NATIONAL LABOR MANAGEMENT COOPERATION COMMITTEE; ADMINISTRATIVE MAINTENANCE FUND; AND INTERNATIONAL BROTHERHOOD,**

      **Plaintiffs,**

vs.

**TRUDI SPRINGMAN d/b/a A. C. SPRINGMAN ELECTRIC and A. C. SPRINGMAN ELECTRIC, INC.; AARON SPRINGMAN d/b/a A. C. SPRINGMAN ELECTRIC and A. C. SPRINGMAN ELECTRIC, INC.; and A. C. SPRINGMAN ELECTRIC, INC.,**

      **Defendants.**

Case No. 07-cv-0600-MJR

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

      On April 24, 2009, Defendant Aaron Springman filed Suggestion of Bankruptcy (Doc. 82). Defendant advises the Court that he filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Illinois on April 23, 2009, case number 09-31039. At the April 24, 2009, status conference, the Court indicated that its general practice is to sever the party that has filed for bankruptcy and to allow the action to

proceed as to the remaining defendants. None of the parties objected to the Court's stated intent to sever.

The automatic stay of Chapter 7 Bankruptcy, 11 U.S.C. § 362(a), is limited to debtors and ordinarily does not encompass non-bankrupt co-defendants. *Pitts v. Unarco Indus., Inc.*, **698 F.2d 313, 314 (7th Cir. 1983) (per curiam);** *see also Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, **190 F.3d 1360, 1364 (Fed.Cir. 1999) ("[T]he automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.'") (citation omitted) (collecting cases)**. As a result, the Court finds that this action can and should proceed among the parties before it and, accordingly, **ORDERS** that claims against Aaron Springman be severed from this action and that Plaintiffs shall proceed with the prosecution of this action against the remaining Defendants.

Aaron Springman's Chapter 7 petition results in an automatic stay of the case as to this Defendant. *See* **11 U.S.C. § 362 (filing of bankruptcy petition stays "the commencement or continuation . . . of a judicial, administrative or other action or proceeding against the debtor," and "any act to collect, assess, or recover a claim against the debtor.")**. Therefore, pursuant to **11 U.S.C. § 362**, all proceedings herein against Aaron Springmn are **STAYED**. The stay shall remain effective until the parties notify the Court (and the Court enters an Order reflecting) that the bankruptcy proceedings have culminated and that the stay may be lifted, or until this Court is notified that the claim may proceed with the approval of the bankruptcy court.

**Counsel for Aaron Springman shall submit a report to the Court every October and April, beginning in October, 2009, regarding the status of the bankruptcy proceeding, unless events warrant the filing of an earlier report**.

**IT IS SO ORDERED.**

**DATED this 24th day of April, 2009**

            <u>**s/Michael J. Reagan**</u>
            **MICHAEL J. REAGAN**
            **United States District Judge**